RAMÓN PUJALS CARLO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 661. Argued July 15, 1929.—Decided July 26, 1929.

*P. Amadeo Rivera* and *A. Rivas,* for petitioner. *M. Acosta Velarde,* for defendant in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Ramón Pujals Carlo brought an action in the Municipal Court of San Juan against Francisco, Enrique, Georgina, Luis, Armando and Rosendo Vela and María Clemencia González, to recover a strip of land measuring nine square meters

as part of a lot having an area of one hundred and fifty square meters. It is alleged in the complaint that the property sought to be recovered is worth not less than one hundred dollars. Defendants answered, the case went to trial and the court rendered judgment dismissing the complaint.

On appeal to the district court the defendants demurred and contended that the municipal court had acted without jurisdiction in rendering the judgment appealed from, because the municipal courts of this island are without jurisdiction of actions to recover real property; and if the court of first instance had no jurisdiction the district court, to which the case had been brought on appeal, had no jurisdiction either.

The district judge sustained the demurrer and rendered judgment dismissing the complaint without special pronouncement of costs. The plaintiff thereupon instituted the present certiorari proceedings, wherein the writ was issued, and the hearing was set and heard without the appearance of the defendants. Plaintiff's petition is quite extensive and sets forth a careful review of the facts and the law. The court is thus placed in a position to determine the point in issue, which is of great importance in the daily practice of the courts of the Island.

Sections 3 and 4 of the Act of 1904 reorganizing the judiciary of Porto Rico read as follows:

"Sec. 3.—The office of justice of the peace and secretary and clerk of justices of the peace, and the offices of municipal judges and secretaries, and other employees of the municipal courts, at present in existence, are hereby abolished; and there is created hereby the office of municipal judge, who shall perform the duties and functions which are hereafter prescribed in this law; and all the proceedings in said municipal courts must be conducted according to the rules and proceedings in force in the district courts.

"Sec. 4.—Except as provided hereafter in this act, the municipal judges created hereby shall fulfill all the duties which are at present performed by the justices of the peace and municipal judges. He shall have jurisdiction in all civil matters in his district to the

amount of five hundred dollars, including interest; he shall have jurisdiction in all criminal cases except felonies, and in all felony cases the municipal judge may act as a committing magistrate, and he may fix bail under the laws in force; . . . ."

It is a well known fact that municipal courts are courts of limited jurisdiction. It has been so decided by this court. Sections 3 and 4 of the Code of Civil Procedure expressly provide that they are not courts of record.

However, it must be acknowledged that in view of their history and operation they are something more than justice of the peace courts. As already noted, it is provided in the act itself that all proceedings before them "must be conducted according to the rules and proceedings in force in the district courts." They are divided, according to the importance of their districts, in three categories, and the incumbents of the first two categories must be lawyers. It is the policy of the Department of Justice to appoint lawyers, wherever possible, to act as judges in the tribunals of the third category.

What is the scope of the words "in all civil matters in his district to the amount of five hundred dollars, including interest"?

In *Colón* v. *Registrar*, 38 P.R.R. 586, 588, on which the district court based the judgment under review herein, it was said:

"The meaning of 'limited' that should be given to the jurisdiction of municipal courts is of importance here. The limitation of that jurisdiction appears from section 4 of the Act referring to municipal courts, which appears under number 1173 of the Compilation of 1911. Jurisdiction is thereby conferred on municipal courts in civil matters in their districts to the amount of five hundred dollars, including interest. It seems clear that such jurisdiction is conferred by and for amounts or sums of money, for mention is made of interest and the idea of interest can have reference to no other kind of property than money, the only thing which produces it."

There is no doubt that the language thus used by this court restricted the jurisdiction of municipal courts to claims

for the recovery of money. However, it seems that the court had focussed its attention on the facts of the case before it, one of which facts was that it had not been proved whether among the heirs of Vélez, who had been ordered to execute a deed, then were any minors, which circumstance made applicable the jurisprudence established by this court in *García v. Registrar of Guayama*, 23 P.R.R. 394 thus (to quote the syllabus):

"A complaint was filed in a municipal court praying that a minor be ordered to execute a deed of sale to a real property sold by his father who died without receiving the purchase price, which amounted to only one hundred dollars. *Held:* That in view of the subject-matter involved the municipal court had no jurisdiction of the action."

The following is copied from the opinion of the court in that case:

"The case of García Rivera now under consideration involves the ratification of a sale of realty said to have been made before his death by the father of the defendant minor. Consequently, the lack of jurisdiction on the part of the municipal court is manifest. The district courts have jurisdiction in such cases inasmuch as the Legislature decided that one of their duties should be the supervision of the persons and property of minors."

It would seem well to remark here that the decision in the *García* case, *supra,* was rendered over the dissenting votes of Chief Justice Hernández and Associate Justice Aldrey. The following paragraphs are transcribed from their opinion in that case.

"It is not necessary that the claim should be for a specific amount of money, but it is sufficient that the subject-matter be capable of being assessed in money. Ferraioli v. Registrar of Property, 21 P.R.R. 477; Sabathié et al. v. Registrar of Ponce, ante p. 302.

"The said jurisdiction is not concurrent with that of the district courts but is exclusive, as we have held in the cases of Lowande v. García et al. 12 P.R.R. 290; Bras v. Rivera, 12 P.R.R. 374; González v. Pirazzi, 16 P.R.R. 7; Hernández Mena v. Blanco et al., 22 P.R.R. 719; and González v. Rosado, ante p. 1. It is also original

and under no circumstances are the municipal judges required to resort to the district courts to complete it.''

Reviewing our jurisprudence we find only another civil proceeding excluded from the words ''all civil matters'' as used in the statute—the foreclosure of a mortgage. This court, through its Chief Justice Hernández, held in *Valdivieso* v. *Rivera*, 19 P.R.R. 669 (quoting from the syllabus):

''According to the Mortgage Law and its Regulations in connection with the old Code of Civil Procedure, the Courts of *Primera Instancia* had exclusive original jurisdiction of summary foreclosure proceedings regardless of the amount of the mortgage.

''General Order No. 118 of August 15, 1899, gave exclusive jurisdiction to the district courts in summary foreclosure proceedings.

''Section 4 of the Act of March 10, 1904, reorganizing the judiciary of this Island did not confer jurisdiction upon the municipal courts in summary foreclosure proceedings when the amount involved did not exceed $500. Said jurisdiction remained exclusively in the district courts even though the mortgage were less than $500.

''The amount of $500 fixed by section 4 of the Act of March 10, 1904, reorganizing the judiciary of this Island determines the jurisdiction of municipal courts in the ordinary civil proceedings provided for in the Code of Civil Procedure, but it is not applicable to the proceedings governed by special laws which continue in force in accordance with the act of special legal proceedings of March 9, 1905.''

In the other decisions examined the act was always liberally construed. Thus in *Lowande* v. *García*, 12 P.R.R. 290, it was held that—

''Where the value of the thing sought to be recovered is not sufficient to give jurisdiction to the court, such court must be deemed to be without jurisdiction, and it can not be successfully alleged that only the use of the thing is sought to be recovered and that the value of such use is sufficient to give the court jurisdiction, because it can not be presumed that the value of the use of a thing is greater than the value of the thing itself.''

As may be seen, the court went beyond a money claim and spoke of the value of the thing sought to be recovered.

In the cases of *Poupart et al.* v. *Recurt et al.*, 25 P.R.R. 665, and *Suc. of Rivera et al.* v. *Suc. of Salas et al.*, 28 P. R.R. 582, in which revendicatory actions were involved, the court, as stated in the syllabus, held, in the *Poupart* case, that—

"As municipal courts have jurisdiction only of actions involving $500 or less, a plaintiff suing to recover real estate must show affirmatively that the land sought to be recovered does not exceed that limit, and the mere fact that the property was sold under execution to a single bidder for less than $500 is no proof of its value";

and in the *Rivera* case, that—

"In an action of ejectment for the recovery of a property whose value exceeds five hundred dollars the jurisdiction of the district court is clear, and such jurisdiction is not affected by the facts that the property came into the possession of the defendant by virtue of two actions, the amount of each of which was less than five hundred dollars, and that the nullity of the proceedings in both suits is alleged."

In *González* v. *Pirazzi*, 16 P.R.R. 7, wherein the matter involved was the ownership of two small houses, it was held that—

"When the value of a thing involved in a civil suit does not exceed $500 the municipal courts have original jurisdiction and the district court appellate jurisdiction; and when the value exceeds $300, without fruits or interest, an appeal lies to the Supreme Court from a judgment rendered by the district court on appeal."

There are other decisions to the same effect and it may well be said that for more than twenty years this court has invariably been construing and applying section 4 of the Act reorganizing the judiciary of Porto Rico in the sense of laying stress on the words "all civil matters" in order to construe liberally those that follow "to the amount of five hundred dollars," thus acknowledging jurisdiction in municipal courts in all civil matters wherein the amount of the claim reached up to five hundred dollars or the matter in controversy were susceptible of valuation or assessment and did

not exceed that amount, with the exceptions already noted. *Garcia* v. *Registrar, supra,* and *Valdivieso* v. *Rivera, supra.*

It was only a year ago, in the *Colón* case, *supra,* that emphasis was placed upon the expression "including interest", and the meaning of the words preceding it was restricted, thus limiting the jurisdiction of municipal courts to money claims exclusively.

The question having now been submitted again to our consideration and with our minds concentrated upon it, we think that we must revert to the former jurisprudence, which had been constantly followed for a long period of time and under which hundreds of judgments have surely been rendered settling controversies in regard to real property.

The statute clearly admits the broader construction. Where the legislators have intended to limit the jurisdiction to money claims they have not used the language of section 4, but have instead, as in California, provided: "In actions arising on contract for the recovery of money only if the sum claimed, exclusive of interest, does not amount to three hundred dollars." Section 112 of the Code establishing the jurisdiction of the so-called "Justices' Courts", cited in the *Colón* case, *supra.* And even here in Porto Rico, when the Legislature enacted Act No. 10 of 1921 establishing special proceedings in the municipal courts, it said: "In all civil cases to recover money involving an amount not greater than one hundred dollars . . ."

For the foregoing reasons, the judgment rendered by the District Court of San Juan on June 4, 1929, must be set aside and the case remanded for further appellate proceedings in that court in accordance with the law, since the municipal court had jurisdiction, the value of the thing claimed not exceeding five hundred dollars.

Mr. Justice Texidor dissented.